**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Audrico COLE, Defendant–Appellant.**

No. 01–5331.

United States Court of Appeals, Sixth Circuit.

Nov. 22, 2002.

Before NORRIS and CLAY, Circuit Judges; and O'MEARA, District Judge.*

OPINION

OMEARA, District Judge.

Defendant–Appellant Audrico Cole appeals from a jury verdict that found him guilty of a single count of cocaine trafficking, 21 U.S.C. § 841(a). On appeal, he contends that the district court erred when it denied his motion to suppress evidence of drug trafficking seized during a non-consensual search. He also argues that the evidence of guilt was insufficient to support the verdict beyond a reasonable doubt.

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

When reviewing a district court's denial of a motion to suppress, we review the district court's findings of fact for clear error and its conclusions of law *de novo*. *United States v. Brown*, 147 F.3d 477, 484 (6th Cir.1998).

A person can waive his or her Fourth Amendment right to be free of a warrantless search by providing voluntary consent. *See, e.g., United States v. Van Shutters*, 163 F.3d 331, 335 (6th Cir.1998). In *Van Shutters*, this court explained,

> It is well-established that a warrantless search by law enforcement officials will be upheld if a detainee has voluntarily consented to the search. The government has the burden of demonstrating that consent was "freely and voluntarily given," and was not the result of coercion, duress, or submission to a claim of authority. The proper analysis for determining the voluntariness of a detainee's consent is to consider the "totality of the circumstances" of the alleged consent. It is not necessary that the police inform the detainee that he or she has a right to refuse consent, but instead, such lack of warning of the detainee's right to refuse will be considered under the totality of circumstances analysis. This court will accept a finding of voluntary consent unless it is clearly erroneous.

*Id.* (citations omitted).

In *United States v. Crowder*, 62 F.3d 782, 787 (6th Cir.1995), this court provided further guidance with respect to consent to search questions:

> In *United States v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976), the Supreme Court ... identified a number of factors that led to a finding of voluntary consent, including the absence of any over act or threat of force against the defendant; the absence of any promises to the defendant or any indication of "more subtle forms of coercion that might flaw his judgment"; the defendant's giving his post-arrest consent on a public street and not in the confines of the police station; the absence of any indication that the defendant was "a newcomer to the law, mentally deficient, or unable in the face of custodial arrest to exercise a free choice"; and the defendant's receiving Miranda warnings and notification that the results of the search could be used against him.

*Id.* at 787 (citations and footnote omitted).

In this case the government concedes that defendant Cole did not receive his *Miranda* warnings before the police searched his hotel room and car. However, the district judge applied the other factors articulated in *Watson* and found that defendant Cole signed the consent-to-search form and consented to the search of his room.

> Now, even if I eliminate the testimony of Kelsey, even if I accept the defendant's argument that Mr. Kelsey is a rogue officer and that he does this all the time, I've got McCraney and French, both of whom said they saw Mr. Cole sign the consent form. Based on the testimony of McCraney and French that Mr. Cole signed the consent form, I conclude that he did, in fact, sign the consent form. And I also conclude that he consented to the search of the room.
>
> Now, it's true that Kelsey may have had some motivation to get Mr. Cole; but if Mr. Cole consented to the search, the fact that Mr. Kelsey wanted to get him is not important. If Mr. Cole consented to the search, then it was a good search. Mr. Cole is a defendant who is knowledgeable about these proceedings. I can take judicial notice of the fact that he was here a month or two ago on a case in which he was acquitted, so he knows the system. The testimony of the officers that they knew him; he knew them; they had stopped him be-

fore. So this was a sophisticated individual in terms of knowledge of the criminal justice system.

I find no evidence of coercion. There's no threats against Mr. Cole. Even he doesn't say they threatened him. He just says they forged his signature.

The totality of the circumstances leads the court to conclude, based on the credibility of the witnesses, particularly McCraney and French, that Mr. Cole signed the consent-to-search form, that he consented to the search of the room. (JA 302a-c.)

In cases such as this, in which the suppression hearing testimony advances two plausible scenarios, the judge's decision cannot be clearly erroneous. *United States v. Taylor,* 956 F.2d 572, 576 (6th Cir.1992). Therefore, we will affirm the district court's denial of defendant Cole's motion to suppress evidence.

The standard of review for a claim of insufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In this case the issue is controlled by our resolution of the suppression question. If the evidence of the seized cocaine is not excluded, a rational juror could have found defendant Cole guilty of trafficking beyond a reasonable doubt, given the relatively large amount of cocaine uncovered.

Following our review of the record, all applicable law, the parties' briefs, and oral argument by counsel, we conclude that the district court's orders contain no reversible error. We **AFFIRM** the orders of the district court.